Good morning, Your Honors, and may it please the Court, my name is Laura Freeh, and as an admitted law student supervised by Andrew Knapp, I, along with my co-counsel Isis Miranda, represent the petitioner, Ms. Aracely Marinelarena. I will take five minutes to address the divisibility issue. Counsel for me, he will take five minutes to address the burden of proof issue, and I would like to reserve five minutes of rebuttal for my co-counsel. On the divisibility issue, Your Honors, petitioner specifically argues that the BIA erred as to its finding that her conspiracy conviction under California Penal Code Section 182A1 constitutes a disqualifying offense. The key question raised in this case is whether that conviction necessarily as a matter of law is a conviction related to a controlled substance. It's not, and therefore that conviction cannot support the Board's conclusion that petitioner failed to establish her eligibility for cancellation of removal. I'm having a hard time getting my mind around how a charge of conspiracy to sell or transport heroin would not be a controlled substance offense. Well, Your Honor, that wasn't the conspiracy charge that was charged here. What was charged was a charge under Section 182A1, and that simply criminalizes a conspiracy by two or more people to commit any crime. Was the object of the conspiracy alleged and overt acts alleged? I believe, Your Honor, the object of the conspiracy was an attempt to violate California Health and Safety Code Section 11352. Which is what? Which is, which I believe it's, it criminalizes an attempt to distribute a controlled substance. And they allege the overt act was heroin? Your Honor, I believe heroin was set forth as the controlled substance offense. Okay, well, back to my question. Why isn't that an allegation of a controlled substance offense? Because, Your Honor, we don't, the petitioner was not Well, why isn't, why isn't the general conspiracy statute divisible? That is, it, it, it requires a conspiracy to commit a crime, and that crime might or might not be a controlled substance offense. It might be murder. But why isn't that divisible and then just determined from the appropriate documents, whether it was a controlled substance offense or murder or whatever the object of the conspiracy was? Your Honor, it's not divisible because the language of this statute, under 182A1, it fails to set forth multiple elements in the alternative that a judge or jury would have to find beyond a reasonable doubt. Those elements But, but, isn't that kind of contrary to the Garcia-Santana analysis where the question, where a general conspiracy statute can be divisible? Your Honor, I, I don't know about, about that case, but under the, the categorical approach espoused by the Supreme Court in Decomp, we first look to the language of the statute of conviction itself. Right, and it requires that you conspire to commit a crime, and the substantive law requires the jury to know which crime that was. So why isn't that divisible by reference? We have cases saying that cases can, that statutes can incorporate by reference and still be divisible. Well, Your Honor, because we, we're only under the first step of the categorical approach, we only look to the language of the actual statute of conviction, which was Right, and it requires that you conspire to commit a crime. And then the question is, what crime? Right? So why isn't it divisible? Every crime is incorporated by reference, and then you just figure out, okay, which crime did they conspire to commit? Because, Your Honor, the, the, any crime language that 182A1 sets out, petitioner would, would point to this court, is similar to a variety of other liked phrase state statutes that panels of this court have found to be indivisible and therefore not subject to the modified categorical approach that, that you're suggesting. Rendon v. Holder, Navarro-Lopez v. Garcia, Lara Chacon v. Ashcroft, and Coronado-DiRosso v. INS. All of the state statutes in those cases were found to lack elements essential in triggering federal immigration. But this isn't a missing element. It's a stated element. That is, there has to be a crime that they conspire to commit. That's a stated element. It's not a missing element. What I, well, perhaps I misspoke, Your Honor. I see I'm running short on time. What I mean by, by a miss, it lacks a specific element that can be used to hook in those federal immigration consequences. The language here is simply too broad and we can't tell from the language whether, or what the element is that triggers those consequences. Thank you, Your Honors. Thank you. Do you want to pass the baton to your, to your colleague? Yes, please. Good morning. Good morning. May it please the court, Brian Goldman for the amici. This court need not reach the burden of proof question that we've briefed if it agrees with Petitioner that California's conspiracy statute is not doubly divisible in that no California authority says that a jury must unanimously agree on the particular version of an object crime, the particular subcrime that was the object of the conspiracy. But if the court disagrees with Petitioner on the divisibility issue, then it should nevertheless hold that she was not, quote, convicted of a disqualifying controlled substances offense, because after Moncrief, a conviction that is merely ambiguous does not suffice to rebut the presumption. Counsel, Moncrief had nothing to do with the burden of proof. There's no discussion whatsoever of the burden of proof in Moncrief. Why, why do you think it, it's inconsistent or fatally inconsistent with Young? For, for two reasons, Your Honor. First, the fact that Moncrief doesn't discuss the burden of proof is itself relevant, because the, Adrian Moncrief, the Petitioner, raised the burden of proof as a reason that the case should go his way, and the court didn't adopt that. Instead, the court said our analysis is the same. Except it wasn't a cancellation case, either. It was a removable, a removability case, not a cancellation case, and it didn't discuss the burden of proof. It seems irrelevant on at least two grounds. So that, that's incorrect, Your Honor. It was a cancellation case as well. There was no dispute that Adrian Moncrief was removable, at least as a controlled substances offender. So what the court says in the first two paragraphs of its opinion, and then again at page 1692, is that the question of whether he was an aggravated felon is relevant because that would govern whether or not he could seek discretionary relief from removal. And what the court said at page 1692 was, having been found not to be an aggravated felon, period, without qualification, he can seek relief if he satisfies the other eligibility criteria. Counsel, several other circuits agree with our holding in Young, and including one that did so after Moncrief. Are they all wrong? So the Fourth and Tenth Circuits agreed with this Court's position in Young. Those are pre-Moncrief decisions. There's a post-Moncrief decision, too. It escapes me what the name of it is. There isn't a post-Moncrief decision dealing with this question, where under the modified categorical approach, the record of conviction is ambiguous. So this would be the first decision to hold post-Moncrief that that's the case. On the other hand, there is a Third Circuit decision, albeit an unpublished one, that reaffirmed its prior precedent in Thompson, holding that where a record of conviction is inconclusive, that means that the conviction does not necessarily establish the disqualifying effect. Does that decision cite Moncrief? The subsequent Third Circuit decision, I don't believe cites Moncrief. Not right? So you don't know whether they considered Moncrief in affirming their prior case law? I don't know whether it was in the briefing, Your Honor, because the briefing in these cases — It's not mentioned in the disposition. I believe that's correct, that it's not mentioned in the disposition. The BIA, on the other hand, has mentioned Moncrief in a post-Moncrief decision, the INRI-EH case that we attached to our brief, and there it adopted precisely the analysis that Judge Watford then explained in his concurrence in Almanza, which is to explain that this — that there is a legal presumption that operates independent of the burden of proof. But, counsel, at least one circuit, I believe the Fifth, has stated this proposition. The question whether a statute is divisible or not is clearly a question of law. And so once the legal determination is made that the modified categorical approach, the answer to the question, well, what crime were you convicted of, is a factual question. So two responses to that, Judge Graber. First, the Fifth Circuit recently amended the decision that I think you're talking about to add a footnote expressly reserving this issue because it wasn't presented and it's currently pending before another panel of the Fifth Circuit. Second, it is incorrect that the modified categorical approach involves a factual question. That's what the Supreme Court held in DeKalb, that it's not an evidentiary inquiry, it's not a modified factual. It's an application of the law to facts. I mean, in other words, there's not an abstract legal answer to the question, what crime were you convicted of? There is, Your Honor. I respectfully disagree. Moncrief said... How is that a question of law without looking at, I mean, you have to look at a limited number of documents to say, okay, is it murder or is it transportation of heroin? But that is a species of factual inquiry because you don't know as a matter of law that a person necessarily was convicted of conspiring to murder. May I answer the question? But you do know as a matter of law because Moncrief changes the analysis. This is what Moncrief changed. You no longer start with a clean slate and say what is it you were convicted of. Moncrief says we start with a presumption that a conviction rests on the least of the acts criminalized and then... But that was a categorical case, not a modified categorical case. But, Your Honor, the very next sentence in Moncrief sets out the modified categorical approach as a qualification. It is the way to rebut the presumption that a conviction rests on the least of the acts criminalized. Moncrief doesn't use the term a modified categorical approach anywhere in the opinion, but it does seem to, in part, as you say, follow that analysis, doesn't it, the modified categorical approach analysis? That's correct. And then so that's at page 1684 where it sets out the modified categorical approach as the way to rebut the presumption. It's not something that operates outside the presumption. And then again at page 1688 of Moncrief, the court addresses the record of conviction and says that a conviction will be disqualifying only if, quote, the record of conviction necessarily establishes the disqualifying Federal offense.  Thank you, Your Honor. Thank you. Ready for the government?  Good morning. May it please the Court. Your Honor, it's Tim Ramlitz on behalf of the Attorney General Loretta E. Lynch. In this immigration case, the agency found the petitioner was removable on the one hand as an overstay, visa overstay, but secondly, that she was ineligible for relief because she failed to carry a burden of proof of establishing that she met the qualifications for cancellation and removal. In particular, she did not carry her burden of establishing that she did not have a disqualifying offense. Are you familiar with the case that was just cited, the BIA case NREH? I read that in Amicus Brief, yes. And it's an unpublished decision of the Board. And how does it, how does that fit into your analysis? It does not fit into the government's analysis because we don't set that as precedent. Sometimes the Board of Immigration Appeals can differ. We would need a published decision from the Board. All right. So what you're telling me in roundabout ways, you think it's wrong, huh? I do think it's wrong. All right. All right. The key question here, I think, is whether or not Moncrief necessarily overrules our earlier case of Young, right? Right. Isn't that the question? Your position is that, what, just because one is removal and the other is cancellation, that makes a difference? Yes. Right? Right. But Moncrief seems to say, you know, burden of proof is not an issue. It doesn't make a difference, does it? I mean, that's one way to read Moncrief. I think the way government reads Moncrief is that it is a removability case. That's where the burden of proof tips to the government, and the government has to show that non-citizen is removable for a disqualifying criminal conviction. And so the government has the burden to show that conviction. But in the removal or the relief context, the arrow tips the other way. And that is because of a statute Congress enacted, 1229 A.C. 4, which specifically states that burden of proof. That statute also says right underneath it, in that statute the non-citizen should come forward with documents to prove their eligibility for relief. And if you look at Moncrief, it nowhere addresses that statute. You won't find that statute in Moncrief anywhere. It simply was not talking about the relief context where that arrow tips towards the non-citizen to establish their claims for relief. And when you talk, Amicus noted footnote 2 in Moncrief, and this is cited pretty frequently, to state that it was somehow importing the burden of proof on the government to the relief context as well. But as the panel pointed out, that is analyzing a categorical approach. And when a statute is indivisible and categorically overbroad, then that applies across the board. So of course, in both relief and removal, that can never fit an INA statute. And so that's not an extraordinary proposition, footnote 2. In no way was it implying to overrule this Congressional statute putting the burden of proof on the petitioner. And otherwise, the petitioner challenges this decision of ordination appeals in two ways. The first being they allege that this statute is not divisible. That it's a general conspiracy statute, and you cannot look to the documents to find out what the underlying crime was. And second, that even if it was divisible, you can look to the record of conviction that the documents insufficiently state it was a controlled substance offense. And I think the government pointed out in their brief that under, well, Mr. Almanza-Abrinas laid out the approach for determining invisibility. And divisibility hinges on the elements versus means approach. And an element is something a jury has to unanimously find beyond reasonable doubt. And so an element is something you can turn the record of conviction to find because it lays out separate crimes. But in this case, in conspiracy, you have an element is to commit any crime. And you can look to the documents to determine what that specific crime was because that, of course, is divisible into determining all these different types of specific crimes. And under California law, which is the third part of the Almanza-Abrinas test, you have all these opinions that we cited from People v. Horn from 1970s up through 1996, Swain and Fennenbach, all stating over and over again this proposition that a jury has to unanimously agree on the object crime of the offense. And that the prosecutor has to show they have the specific intent to commit the elements of the underlying offense. There's jury unanimity, and that satisfies the elements test. And that's also confirmed by the record of conviction in this case. You look at the document, her criminal complaint, and it states specifically how it was charged. Conspiracy to transport and sell a controlled substance. Conspiracy with the underlying offense. And that shows divisibility of the statute. You turn the record of conviction. The record of conviction shows transport for sale of a controlled substance that relates to a controlled substance. At that point, you would have an inconclusive record, perhaps, and they would fail. They couldn't meet their burden under young beholder. The government also argued that the record is conclusive. If you look at that complaint, the only controlled substance mentioned is heroin. Twice. It's mentioned in overt acts, it's mentioned in the second count, which was ultimately dismissed. So there's no possible way a jury could have disagreed, if this ever went to trial, on the controlled substance involved. So once that statute is divisible, general conspiracy statute, and you get to the documents, the documents show a controlled substance offense under the Controlled Substance Act under federal law. And she, therefore, is ineligible for cancellation or removal. And otherwise, the panel, like, there's this third argument that Petitioner makes about rehabilitative expungements. They didn't bring it up. They didn't bring it up. The panel would like to discuss that. We can discuss that, but I think it's very well settled under this court's law and the board law that this particular California statute, Penal Code 1203.4, is a rehabilitative expungement statute. It does not remove a conviction from the ambit of the definition of conviction laid out in the INA. No further questions. Thank you very much. Thank you. Good morning. Good morning, New Honders. May it please the Court. My name is Isis Miranda. I'm a certified law student, also supervised by Professor Andrew Knapp on behalf of the Petitioner, Maureen Lorraine Araceli. I would first like to make a correction that Amicus noted. The Third Circuit case on the burden of proof, Johnson v. Attorney General, does cite to Moncrief in two pages, on page 141 and 143. And he thought, he wasn't sure, and he clarified that. Secondly, I would like to clarify that Judge Graber mentioned Garcia-Santana, this Court's case from 2014, actually did address a general conspiracy statute, much like the one here in California, which it was a Nevada statute in that case. And Judge Berzon wrote, and I'm quoting, that the Nevada conspiracy statute is not a divisible statute that lists potential offense elements in the alternative, and therefore this Court need not apply the modified categorical approach of Taylor and Shepard. The issue there was quite different, though. Yes. And it was the absence of an overt act, and there is a whole line of authority that says, contrary to what this Court used to say, that if there's a missing element, it can never be supplied by the modified categorical approach. And isn't that the only point they were trying to make there? I agree, Your Honor, that case deals with a different issue. Nonetheless, she did mention that it is an indivisible statute, and it looks very much like the one that we're addressing here. Now, the government actually replies to our first argument, which is any conviction under 182A wouldn't count. They don't really reply in the brief or in the argument to our alternative argument, which is even if we assumed argumento that the object crime is an element, you can't then apply the modified categorical approach also to the divisible object crime. So if the object crime is indivisible categorical match, so if the crime 11352A only dealt with heroin, then violation of 182A to violate our conspiracy, which is 182A, to violate 11352A, would count and would be a categorical match. But where the object crime is divisible, you can't then apply the modified categorical approach. The government doesn't reply, and perhaps for a good reason, because there's not a lot of case law to support a contrary position. The reason is because when you allege a conspiracy conviction, you don't need to put all the detail in it because the person is just sitting at their kitchen table planning on what they might do. They don't know exactly how they might carry it out, and so the prosecutor, when they're alleging a conspiracy, can just throw the whole statute in there, or the statutes, if it's a multi-object conspiracy. And this case is a good example of that. In count one, they just say conspiracy to violate 11352A. There's no detail as to how, or which part of the divisible statute would be violated. Therefore, the Immigration and Naturalization Act would still apply to all conspiracy convictions where there's an indivisible categorical match, but whereas here there's a divisible crime, the modified categorical approach can't be applied. Now, earlier, you mentioned that the drug of heroin is mentioned in the overt acts. It's also mentioned in count two, which can't be even evaluated by this court because she was not convicted of count two. As we know from People v. Russo, the California Supreme Court has stated that overt acts are not elements of the conspiracy. They need not be proven beyond a reasonable doubt. Only one needs to be found, and the jurors need not be unanimous as to which one. So any details in the overt acts cannot be relied upon to determine what the crime involved is because the petitioner would have no incentive to correct the overt acts. The other thing I would point is that our third argument is that even if the goal with the approach that Judge Watford advocates in Amonza Arenas in his concurring opinion, we would still win here just because of the nature of the documents. We provided count one. It shows that the drug involved was not identified, and even Judge Watford would say, Amonza Arenas, the prosecutor didn't specify in count one, so we can't find it here. That argument depends on doing in Young, though, because under Young, if it is inconclusive, your client loses. It depends if it's inconclusive as to the crime. So if the count doesn't specify the divisible prong, then that's on the government because they didn't specify it appropriately. If the count does specify it, then the noncitizen can look for other documents. Even Judge Alito, in his dissent, did say that if it's not specified in the information in the complaint, then it should not count, period. He found that in that case, it was specified in the complaint, all of the elements of burglary, so it should have counted in that case, but that same analysis wouldn't apply here. Ms. Marin, I see you're over your time. Let me see if Judge DeShima or Judge Grieber have any comments. Thank you very much, Ms. Marin. The case just argued is submitted. Professor Knapp, we want to thank you and your very able students for taking this pro bono case. Thank you very much.
judges: Tashima, Silverman, Graber